# Morgan Lewis

**Mark S. Dichter**
Senior Counsel
+1.215.963.5291
mark.dichter@morganlewis.com

January 4, 2019

**VIA ECF AND ELECTRONIC MAIL**

Hon. Richard J. Sullivan, Circuit Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007
sullivannysdchambers@nysd.uscourts.gov

Re:   *Frazier, et al. v. Morgan Stanley & Co. LLC, et al.*, Civil Action No. 16-cv-00804-RJS

Dear Judge Sullivan:

We represent Defendants in the above-referenced matter and write in response to Plaintiffs' pre-motion letter regarding their anticipated Motion for Leave to Amend the Complaint ("Letter"). Dkt. Nos. 108, 110.  As explained below, Plaintiffs' request should be denied because they had the opportunity to cure the deficiencies in their Complaint both before and after Defendants moved to compel, dismiss, and strike and because their proposed amendments are both futile and an improper attempt to seek reconsideration of the Court's November 29, 2018 Order ("Order").

"Although generally the court should freely give leave [to amend] when justice so requires, there are times when granting such leave may be inappropriate."  *Duckett v. Williams*, 86 F. Supp. 3d 268, 275 (S.D.N.Y. 2015) (Sullivan, J.) (granting motion to dismiss and denying motion to amend where, *inter alia*, plaintiff had already amended his complaint once and his proposed amendment would be futile).  This is one of those instances.

Contrary to Plaintiffs' claim (Letter at 1, n. 1), not all of their three prior amendments were "made for technical or administrative reasons."  Rather, Plaintiffs were given the opportunity to – and did – amend their Complaint in an effort to address the same deficiencies the Court raised at the March 16, 2016 pre-motion conference and cited again in its Order.  Dkt. Nos. 45, 104; *see* March 16, 2016 Transcript pp. 5:20-6:8 ("With respect to the discrimination claims…there's not a lot there either.  There are a lot of conclusory assertions.  There are then some very general assertions about firm-wide teaming and pooling policies…but there are not a lot of specifics…").  In response to the Court's skepticism, Plaintiffs' Third Amended Complaint added six new named Plaintiffs, including four with new EEOC charges, and attempted to "beef up" Plaintiffs' alleged discrimination allegations by, *inter alia*, adding anecdotes and comments that were allegedly made to each of the Plaintiffs.

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921      ☎ +1.215.963.5000
United States                              📠 +1.215.963.5001

Hon. Richard J. Sullivan, Circuit Judge
January 4, 2019
Page 2

Plaintiffs now seek to address these same deficiencies, but have not offered any explanation as to why the allegations they now seek to add were not plead when they were permitted to file the Third Amended Complaint.[1]  Since Plaintiffs had ample notice of the Complaint's deficiencies and were given the opportunity to cure those deficiencies in the Third Amended Complaint before the Court ruled on Defendants' motion, further leave to amend should be denied.  *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (affirming denial of motion to amend where plaintiffs had been given the opportunity to amend their complaint twice before defendants moved to dismiss and explaining "that the plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies."); *Duckett*, 86 F. Supp. 3d at 276 ("To grant leave to amend after a plaintiff has had ample opportunity to amend would be condoning a strategy whereby plaintiffs hedge their bets by holding…evidence back in the hopes of having another bite at the proverbial apple.").[2]

Moreover, Plaintiffs' proposed amendments are futile and an improper attempt to seek reconsideration of the Court's Order.  Plaintiffs repeat many of the same legal arguments they made in their Opposition to Defendants' motion and that this Court already rejected.

**1.  Plaintiffs' Proposed Amendments Still Fail to State a Claim for Pattern or Practice of Intentional Class Discrimination.**  Plaintiffs now seek to "clarify" that the policies that they are challenging are intentionally discriminatory by sprinkling the terms "intentional" and "intentionally discriminatory" throughout the proposed Fourth Amended Complaint.  Critically missing, however, are new alleged facts that would be legally sufficient to sustain these allegations.  Plaintiffs do not explain as to how the alleged discrimination is Defendants' "standard operating procedure," *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 875-76 (1984), as opposed to the "decisions and actions of individual employees." Order at 14.  Nor do the proposed amendments contain new, non-conclusory facts about the application of the policies or practices to the individual Plaintiffs.  Rather, Plaintiffs now seek to support their claims by adding purported anecdotal evidence of vague comments allegedly made by and to unidentified people in unidentified branches at unspecified points in time.  The allegations about prior litigations and references to expert opinions are more than ten years old and predate the two settlements and corresponding consent decrees containing extensive initiatives and policy changes to address alleged discrimination.  Similarly, the alleged "statistics" about the African American representation rate in Defendants' workforce provide no support for the claims that the teaming or account distribution policies intentionally discriminate or result in a disparate impact.

---

[1] Plaintiffs similarly have not explained why they did not seek leave to amend their Complaint after Defendants filed their motion highlighting these same deficiencies over two years ago.

[2] Allowing Plaintiffs to amend to add allegations that they were apparently aware of, but chose not to include, will also result in further delay of this action and cause prejudice to Defendants, who already incurred significant expense moving to dismiss and otherwise litigating this matter.

Hon. Richard J. Sullivan, Circuit Judge
January 4, 2019
Page 3

**2. Plaintiffs' Proposed Amendments Do Not Show That Their Title VII Disparate Impact Claims Are Based On Timely Title VII Charges.**  Plaintiffs also seek to add allegations regarding their compensation in order to resurrect their disparate impact claims.  Plaintiffs' proposed amendments are legally insufficient to cure their disparate impact deficiencies, because those deficiencies stem from their EEOC charges, which are the prerequisite to their Title VII claims – not from their Complaint.  Order at 16-19.  Assuming, *arguendo*, that were not the case, their proposed amendments are still futile.

Plaintiffs argue – as they did in their Opposition – that their untimely disparate impact claims can be saved by the Ledbetter Fair Pay Act ("Act").  Letter at 2-3; Opp. at 17-20.  The Act's provisions only "protect plaintiffs with pay discrimination claims" and the "provisions do not extend to claims regarding policies like Defendant's teaming and pooling policies, about which employees are put on notice 'by the nature of how those decisions are communicated.'"  Order at 19.  "Nor are those provisions meant to apply to a claim that involves a 'pay reduction that flows from another adverse employment action,' such as the teaming and pooling policies."  *Id*.  The alleged adverse employment actions challenged here are discrete and individualized decisions allegedly made by individual branch managers and FAs at individual branches, and Plaintiffs' arguments are nothing more than a re-articulation of the same arguments they made in their Opposition, which this Court rejected.[3]  Since none of the proposed new allegations remedy Plaintiffs' failure to comply with the "stringent administrative exhaustion requirements for Title VII claims," their proposed amendments are futile.  *Id.* at 24.

**3. Plaintiffs' Proposed Amendments Do Not Change the Fact that FINRA Rule 13204 Does Not Bar Arbitration.**  The Court should reject Plaintiffs' improper attempt to seek reconsideration of the Court's rejection of their argument that FINRA Rule 13204 bars compelling Plaintiffs Coleman, Pryor, and Rada to arbitration.  Letter at 3; Opp. at 13; Order at 11.  They proffer no new facts or allegations that would be legally sufficient to compel a different conclusion.

Defendants respectfully request that the Court deny Plaintiffs' request for a pre-motion conference and deny their request for leave to file a Fourth Amended Complaint.

Respectfully submitted,

*/s/ Mark S. Dichter*
Mark S. Dichter

cc:  All counsel of record (via ECF)

---

[3] Plaintiffs reliance on *Schwartz v. Merrill Lynch & Co.*, likewise does nothing to advance their argument, because that case dealt with a motion to vacate an arbitration award where "the Panel's temporal limitation on admissible evidence was explicitly based on the Release" signed by Schwartz, not on the Ledbetter decision.  665 F.3d 444, 454 (2d Cir. 2011).