**Stowell & Friedman, Ltd.**
Attorneys at Law

303 West Madison Street
Suite 2600
Chicago, Illinois 60606

phone: 312.431.0888
fax: 312.431.0228

www.stowellfriedman.com

Linda D. Friedman

**Via ECF and Email (sullivannysdchambers@nysd.uscourts.gov)**

Hon. Richard J. Sullivan, Circuit Judge, sitting by designation
c/o United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007

Re:   *Frazier, et al. v. Morgan Stanley & Co. LLC, et al,* , No. 16-cv-00804 (RJS)

Dear Judge Sullivan:

Plaintiffs respectfully submit this letter to request a pre-motion conference seeking leave to file a motion under FED. R. CIV. P. 54(b) and 28 U.S.C. § 1292(b) to authorize immediate appeal of the Court's Order (Dkt. 115) dated February 7, 2019, denying Plaintiffs leave to file the Proposed Amended Complaint (Dkt. 110-2).

As the Court stated, "Plaintiffs' allegations are obviously serious ones, with potentially-far-reaching consequences for African American financial analysts at Morgan Stanley." (Dkt. 104 at 24.) The Court's February 7, 2019 decision ended Plaintiffs' pursuit of institutional reform via class-wide injunctive relief, and may do so forever, as Morgan Stanley is likely to rely on class-action waivers to permanently insulate its compensation policies from review and reform.

The Feb. 7 decision rested on legal conclusions that Plaintiffs believe warrant Rule 54(b) and §1292(b) certification for appeal. First, the Court ruled that the Lilly Ledbetter Fair Pay Act, 42 U.S.C. § 2000e-5(e)(3)(A) ("Ledbetter Act"), did not apply to Plaintiffs' disparate impact claim despite additional allegations in the Proposed Amended Complaint regarding Morgan Stanley's compensation system which sought to address the Court's holding that both the cause and effect of compensation disparities must occur within the 300 day charge filing period. Second, as the Court acknowledged, "[f]ew courts have addressed what a complaint must allege in order to state a pattern or practice claim." (Dkt. 104 at 14.) The Court provided its interpretation of existing precedent and guidance regarding pleading both the disparate impact and pattern-and-practice claims. (Dkt. 104 at 14–15.) In response to these guidelines, Plaintiffs submitted a Proposed Amended Complaint. Despite Plaintiffs' efforts to address the Court's concerns, the Court held that the Proposed Amended Complaint did not cure the deficiencies and denied the amendment.

"[I]f the court expressly determines that there is no just reason for delay," Rule 54(b) authorizes the court to enter "a final judgment as to one or more, but fewer than all, claims or parties." FED. R. CIV. P. 54(b); *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). In making this determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Similarly, 28 U.S.C. § 1292(b) allows interlocutory appellate review of decisions that normally would not be immediately appealable. The statute requires the district court to certify that its decision "[1] involves a controlling question of law as to which there is substantial ground for difference of opinion and [2] that an immediate appeal from the order may materially

advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court's finding that Plaintiffs' representative EEOC charges were untimely was an outcome-determinative decision for the putative class and warrants immediate appellate review. In *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), the plaintiff was subjected to years of discriminatory performance evaluations (the cause) outside the charge-filing period, which affected her compensation (the effect) within the charge-filing period. *Id.* at 621–22. The Supreme Court held that Ledbetter's claims were time-barred because the performance evaluations were discrete acts that had to be challenged within the charge-filing period. *Id.* at 632. In enacting the Ledbetter Act, Congress overturned that decision and provided that an "unlawful employment practice occurs … when an individual is affected by application of a discriminatory compensation or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." Pub. L. 111-2, 123 Stat. 5, 5–6 (2009).

The Proposed Amended Complaint included additional allegations to establish that the cause and effect of the wage disparities both occurred during the 300 days prior to the filing of the EEOC charge. Alternatively, cases interpreting the Ledbetter Act have recognized the critical distinction between cases involving promotions and demotions — which address employees in *different positions* — and those implicating the core concern of the Ledbetter Act, which is addressing wage disparities for employees performing substantially similar work in the *same* position. Thus, to support an application of the Ledbetter Act, the Proposed Amended Complaint made clear that the challenged class wide wage disparities existed between employees who held the same job title and performed the same work. For example, in *Davis v. Bombardier Transportation*, 794 F.3d 266, 269–70 (2d Cir. 2015), the Court declined to apply the Ledbetter Act to a demotion claim, but cited *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 449 (2d Cir. 2011) — a case involving a challenge to similar account distribution and teaming policies — for the proposition that a compensation claim under the Ledbetter Act accrues "not only at the time of the discriminatory decision but also with each paycheck the victim receives." Courts in the Second Circuit, and nationwide, recognize the distinction between claims challenging compensation discrimination between employees in the same position (where the Ledbetter Act applies), and claims involving *different* positions (where the Ledbetter Act does not apply). *Compare Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 158 (2d Cir. 2012) (failure to promote); *Zambrano-Lamhaouhi v. New York City Board of Education*, 866 F. Supp. 2d 147 (E.D.N.Y. 2011) (demotion) *with Groesch v. City of Springfield, 635 F.3d 1020*, 1024–26 (7th Cir. 2011) (seniority pay system); *Mikula v. Allegheny Cty.*, 583 F.3d 181, 185–86 (3d Cir. 2009) (failure to answer request for a raise); *Hester v. N. Ala. Ctr. for Educ. Excellence,* 353 F. App'x 242, 243–44 (11th Cir. 2009) (discriminatory "compensation scheme")*; Vuong v. New York Life Ins. Co.,* 2009 WL 306391, at *8–9 (S.D.N.Y. Feb. 6, 2009) (discriminatory allocation of performance-based compensation); *Lohn v. Morgan Stanley DW, Inc.*, 652 F. Supp. 2d 812, 828–29 (S.D. Tex. 2009) (challenge to Morgan Stanley account distribution policies).

Second, the Court's decision that Plaintiffs did not and could not possibly plead that Morgan Stanley had intentionally discriminatory policies and practices and was engaged a pattern-and-practice of discrimination also warrants immediate review. The Court initially dismissed Plaintiffs' complaint by concluding it lacked statistical evidence, sufficient anecdotal instances


of discrimination, and allegations of intentionally discriminatory employment practices. Plaintiffs Proposed Amended Complaint sought to address these concerns.  This Court found the 63-page Proposed Amended Complaint deficient, although it added detailed explanations of the discriminatory policies and how they are designed to favor whites, the statistical impact of the challenged policies, and dozens of examples of discrimination suffered by class members in 14 states. This ruling denies plaintiffs the ability to proceed on a pattern–and-practice theory of discrimination and denies class relief and reform to an entire class.  Plaintiffs respectfully submit that appellate review is warranted to allow the Second Circuit to consider and offer guidance regarding the proper pleading standards for a pattern-or-practice claim and whether Plaintiffs' proposed complaint satisfies those standards.

Plaintiffs contend that there is a substantial ground for difference of opinion with respect to the pleading burden the Court imposed for pattern-or-practice claims. *See* 28 U.S.C. § 1292(b).  The pattern-or-practice method of proving discrimination was approved by the Supreme Court in an unbroken line of cases spanning four decades. *Int'l Bhd. of Teamsters*, 431 U.S. 324, 360 (1977); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366–67 (2011) (reaffirming *Teamsters* method but reversing certification of class of 1.5 million employees on ground of lack of commonality). Under this method, if the plaintiff class proves that "unlawful discrimination has been a regular procedure or policy followed by an employer," then the court may award prospective injunctive relief, and each member of the class is entitled to a presumption that he or she was a victim of that discriminatory procedure or policy. *Teamsters*, 431 U.S. at 360–62. Plaintiffs believe that the Court's decision is inconsistent with this Circuit's precedent regarding Plaintiffs' pleading burden post-*Twombly*. "The discrimination complaint, by definition, occurs in the first stage of the litigation" and therefore "must be viewed in the light of the plaintiff's minimal burden to show discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 103 (2d Cir. 2010) ("[T]here is no heightened pleading requirement for civil rights complaints alleging racial animus…"). Thus, to "survive a motion to dismiss" a discrimination plaintiff's "complaint must be facially plausible and allege sufficient facts to give the defendant fair notice of the basis for the claim; it need not, however, make out a prima facie case." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 n.10 (2d Cir. 2014); *accord Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015).

The Court's decision resolved controlling questions of law regarding the Ledbetter Fair Pay Act and the pleading standards for intentional discrimination class actions.  Plaintiffs respectfully submit that these decisions on important questions of law the Second Circuit has not squarely decided warrant immediate interlocutory review.  Accordingly, Plaintiffs request the Court's permission to move for certification under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b) to authorize immediate appeal of the Court's Order (Dkt. 115).

        Respectfully submitted,

        */s/ Linda D. Friedman*
        Linda D. Friedman (*pro hac vice*)

cc:  Mark S. Dichter, Andrew J. Schaffran, Blair J. Robinson, counsel for defendants (via ECF).