UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY FRAZIER *et al.* on behalf of themselves and all others similarly situated,

                Plaintiff,

-v-

MORGAN STANLEY & CO. LLC, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,

                Defendants.

No. 16-cv-804 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

        Plaintiffs Kathy Frazier, Yared Abraham, O. Emmanuel Adepoju-Grace, Kwesi Coleman, Jeanna Pryor, and Aisha Rada ask the Court to certify an interlocutory appeal of the Court's denial of their motion for leave to file a Fourth Amended Complaint (Doc. No. 115 (the "February Decision")) or, in the alternative, to enter partial final judgment under Fed. R. Civ. P. 54(b) as to the dismissal of Plaintiffs' class claims for pattern or practice intentional discrimination and disparate impact. For the reasons set forth below, the Court DENIES Plaintiffs' motion.

        A district court may certify an immediate appeal of an interlocutory order if the court finds that (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The party seeking an interlocutory appeal has the burden of satisfying these three requirements." *Hengjin Sun v. China 1221, Inc.*, No. 12-cv-7135 (RJS), 2015 WL 5544257, at *3 (S.D.N.Y. Sept. 17, 2015). All three must be met before courts can certify an interlocutory appeal. *Id.* And even when all the criteria are met, the Court nevertheless has "unfettered discretion to deny certification if other factors

counsel against it." *Transp. Workers Union of Am., Local 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal quotation marks omitted); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (brackets and internal quotation marks omitted)). To state the obvious, "federal practice strongly disfavors discretionary interlocutory appeals" because they "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *Hengjin Sun*, 2015 WL 5544257, at *3 (internal quotation marks omitted).

An immediate appeal is not justified here. As a general matter, orders denying leave to amend are unreviewable. *See D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 648 (2d Cir. 1967) ("No appeal lies from the order denying permission to amend in the absence of certification."). In addition, Plaintiffs' motion fails to satisfy the requirements of § 1292(b). As to the first two criteria, Plaintiffs argue that the February Decision involves controlling questions of law on which there is substantial ground for disagreement, regarding: (1) the pleading requirements for pattern or practice class claims, and (2) the applicability of the Lily Ledbetter Fair Pay Act to Plaintiffs' disparate impact claims. But a cursory review of these arguments leaves the Court doubtful that is the case. As to its pattern or practice claims, Plaintiffs contend that the Court imposed a heightened pleading standard when assessing the Fourth Amended Complaint. In reality, Plaintiffs' arguments amount to little more than a disagreement with the Court's finding that the complaint failed to plausibly allege that Defendants engaged in an intentionally discriminatory procedure or practice. While Plaintiffs may disagree with the Court's conclusions, that is not enough to establish the kind of "substantial ground" for disagreement over the complaint's legal sufficiency that would justify the extraordinary relief of interlocutory appeal. *See* 28 U.S.C.

§ 1292(b); *see, e.g.*, *Estevez-Yalcin v. The Children's Vill.*, No. 01-cv-8784 (KMK), 2006 WL 3420833, at *4 (S.D.N.Y. Nov. 27, 2006) ("Plaintiffs are merely quibbling with this Court's application of the facts to the law, not with the underlying legal rule, which is necessary if this Court is to certify an immediate appeal.").

As to the Ledbetter Act, Plaintiffs dispute the Court's determination that the Act's accrual provisions are inapplicable to their disparate impact class claims challenging the teaming and account distribution policies. (Doc. No. 153 at 15.) But as the Court previously explained when dismissing these claims, the provisions do not extend to claims involving "a pay reduction that flows from another adverse employment action," such as the teaming, pooling, and account distribution policies at the core of Plaintiffs' complaint. (Doc. No. 104 (citing *Davis v. Bombardier Transp. Holdings (USA) Inc.*, 794 F.3d 266, 271 (2d Cir. 2015).). Although Plaintiffs attempt to distinguish *Davis* on the ground that it involved a demotion claim, that argument is unavailing and certainly not enough to present a legal question over which there is "substantial doubt." *Hengjin Sun*, 2015 WL 5544257 at * 4.

But even assuming Plaintiffs could meet the first two requirements under § 1292(b), Plaintiffs fail to establish the third and "most important" of the factors – that an immediate appeal would "materially advance the ultimate termination of the litigation." *Id.* at *3 (internal quotation marks omitted). Plaintiffs contend that because the class claims are separable from the individual ones and because discovery on the class claims would focus on Morgan Stanley's nationwide policies while discovery on the individuals claims would be narrower, delaying an appeal of the February Decision would create a "serious risk that, after trial and judgment on the remaining [individual] claims, the Court of Appeals" could reinstate the class claims, requiring the parties to take nationwide policy-focused discovery "many years after this case was filed." (Doc. No. 153 at 21.) Plaintiffs also argue that "*if* Plaintiffs try their individual cases without the benefit of" the

presumption available for the dismissed pattern or practice claims "*and* do not prevail" in those individual cases, and "*if* Plaintiffs' class-wide pattern-or-practice claim is reinstated on appeal," they would require new trials, resulting in waste and duplication. (*Id.* at 22 (emphasis added).).

At most, Plaintiffs note a highly contingent risk that inheres in many if not most cases involving requests for interlocutory review. The Second Circuit has recognized that such risk alone is not sufficient to justify immediate review. *See Parkinson v. Apr. Indus., Inc.*, 520 F.2d 650, 654 (2d Cir. 1975) ("[T]rial judges are constantly confronted with interlocutory decisions, which, if erroneous, may create unnecessary and time-consuming consequences," but "[a]n appellate court's solicitude to prevent the unproductive effort which an erroneous order may create ought not to warrant an out-of-time intrusion by the appellate court into the proper sphere of the trial judge."); *see also In re 650 Fifth Ave.*, No. 08-cv-10934 (RJH), 2012 WL 363118, at *7 (suggesting that while the court was "not unsympathetic to the concern that significant aspects of this case may need to be relitigated if [its order] is found to be erroneous on an appeal taken after final judgment is entered," the concern was not dispositive as "[t]he more relevant consideration . . . is whether immediate appellate review would speed . . . consideration of the merits" of the claims). Here, several individual claims under 42 U.S.C. § 1981 remain unresolved, and discovery is ongoing with respect to those claims. It is not clear that an interlocutory appeal would materially move the ball toward ending, rather than prolonging or complicating, this litigation. Accordingly, the Court declines to certify the February Decision for interlocutory appeal.

The Court next turns to Plaintiffs' request for partial final judgment with respect to the dismissed class claims. A court may enter partial final judgment under Rule 54(b) if "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express determination that there is no just reason for delay.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d

Cir. 2014) (brackets omitted) (quoting Fed. R. Civ. P. 54(b)).  Nevertheless, the Second Circuit has instructed that this authority "be exercised sparingly[,]" *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991), cautioning that "the district court generally should not grant a Rule 54(b) [motion] if the same or closely related issues remain to be litigated," *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (internal quotation marks omitted).  When determining if there is "no just reason for delay," a district court may consider "whether the claims under review [are] separable from the others remaining to be adjudicated" and whether entering final judgment as to some claims would force an appellate court to review the same claims more than once.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Moreover, a district court should enter a partial final judgment "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985) (internal quotation marks omitted).  The decision is "left to the sound judicial discretion of the district court." *Curtiss-Wright Corp.*, 446 U.S. at 8 (internal quotation marks omitted).

As noted, individual § 1981 claims, which center on discrimination by Defendants, remain for three plaintiffs.  While a pattern or practice class claim is not identical to an individual discrimination claim, such claims often involve the same or overlapping allegations.  *See United States v. City of New York*, 717 F.3d 72, 83–84 (2d Cir. 2013).  That is certainly the case here, as the facts underlying the remaining individual claims are intertwined with the dismissed class claims. Importantly, the claims also share the underlying legal theory that Defendants intentionally discriminated against Plaintiffs on the basis of race.  Entry of a partial final judgment on the class claims thus presents a risk of "piecemeal appeals," *Curtiss-Wright Corp*, 446 U.S. at 10, that would require two or more appellate panels to become familiar with the same or interrelated issues.  *See Novick*, 642 F.3d at 311.

5

*Coser v. Moore*, which Plaintiffs argue is analogous to this case, does not compel a different result. *See* 587 F. Supp. 572 (E.D.N.Y. 1983). In *Coser*, the district court entered partial final judgment under Rule 54(b) after a bench trial on the plaintiffs' pattern or practice class claims, where the parties had previously agreed that plaintiffs' individual discrimination claims would be addressed separately following the class pattern or practice trial. The procedural posture in this case is very different from that in *Coser*. Moreover, the Second Circuit has explained that while it may "sympathize with [a] district court's desire to avoid a retrial" if its interlocutory decision is erroneous, "the interrelationship of the dismissed and surviving claims is generally a reason for *not* granting a Rule 54(b) [motion,] not a reason for granting it." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992). In short, the Court finds that the interrelatedness of the dismissed and surviving claims here supports denial of a partial final judgment, since such a judgment would lead to piecemeal appeals that would likely prolong the proceedings and burden judicial resources.

Accordingly, Plaintiffs' request that the Court certify an interlocutory appeal under 28 U.S.C. § 1292(b) or enter partial final judgment under Rule 54(b) is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at document number 152.

SO ORDERED.

Dated:   July 6, 2020
         New York, New York

                                                            _____
                                                             RICHARD J. SULLIVAN
                                                             UNITED STATES CIRCUIT JUDGE
                                                             Sitting by Designation