UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY FRAZIER, YARED ABRAHAM, O. EMMANUEL ADEPOJU-GRACE, ANDREW CLARK, KWESI COLEMAN, JEANNA PRYOR, and AISHA RADA, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MORGAN STANLEY & CO., LLC, MORGAN STANLEY SMITH BARNEY LLC, AND MORGAN STANLEY,<br><br>*Defendants.* | Civil Action No.: 16-cv-0804-RJS |

**STIPULATION AND ORDER REGARDING
THE DISCLOSURE OF PRIVILEGED INFORMATION**

Plaintiffs Kathy Frazier, Yared Abraham, and O. Emmanuel Adepoju-Grace (collectively, "Plaintiffs") and Defendants Morgan Stanley & Co., LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley (collectively, "Defendants" or "Morgan Stanley") ("Plaintiffs" and "Defendants" each a "Party" and together, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulation Regarding the Disclosure of Privileged Information (hereafter the "Order" or "Stipulation").

It is hereby stipulated and agreed, by and between the Parties, through their respective counsel, as follows:

**I.    SCOPE OF ORDER.**

  A.    This Order shall be applicable to and govern the above-captioned action to the broadest extent permitted by law.  The scope of this Order includes, but is not limited to, all documents and information produced in response to document requests, answers to

1

interrogatories, responses to requests for admissions, deposition testimony, transcripts, video tapes, affidavits, declarations, witness testimony at any trial or hearing, and all other information, documents, or materials produced, made available for inspection, or otherwise submitted by any Party in this litigation.

## II. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION.

A. **No Waiver by Disclosure**.  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Party or subpoenaed non-party (the "Disclosing Party") discloses information in connection with this Action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, attorney-work product protection, or any other applicable privilege ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this Action or in any other federal or state action – of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

B. **Notification Requirements; Best Efforts of Receiving Party**.  A Disclosing Party must notify all prior recipients in writing within fifteen (15) days of learning of the disclosure that such Protected Information ("the Receiving Party") was unknowingly disclosed and that the Protected Information was disclosed without intending a waiver by the disclosure. Upon such notification, the Receiving Party must promptly identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.  If any Receiving Party disagrees that the information is protected from disclosure by the attorney-client privilege, attorney work-product protection, or

any other applicable privilege, or asserts that there has been a waiver of privilege, the prior recipient may keep one (1) copy of the document or thing containing the allegedly Protected Information while it makes a motion to the Court for an order that such information be produced ("Disclosure Motion").  Within five (5) business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged or otherwise protected.

C. **Contesting Claim of Protected Information**.  Any Disclosure Motion must be filed under seal within fifteen (15) days of the Disclosing Party's notice of disclosure.  The Disclosure Motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

D. **Stipulated Time Periods**.  The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

E. **Attorney's Ethical Responsibilities**.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing information that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such information has been produced.

F. **Burden of Proving Privilege or Work-Product Protection**.  The Disclosing Party shall have the burden of proving that the Protected Information challenged in any Disclosure Motion is privileged or is protected from disclosure by the attorney-client privilege, attorney work-product protection, or any other applicable privilege.

      G.     ***In camera* Review**.  Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Protected Information.

      H.     **Voluntary and Subject Matter Waiver**.  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or attorney work-product protection.  The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

      I.     **Rule 502(b)(2)**.  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**III.   AMENDMENT OF ORDER.**

      A.     Nothing herein shall preclude any Party from seeking in writing to the Court to amend this Order for good cause shown, provided, however, that no Party may seek relief from the Court concerning compliance with the Order until it has met and conferred in good faith with any Party involved in the dispute.

**STIPULATED AND AGREED**

STOWELL & FRIEDMAN, LTD.

By: _____
Linda D. Friedman
Shona B. Glink
Suzanne E. Bish
George S. Robot
303 W. Madison St., Suite 2600
Chicago, IL 60606
Phone: 312-431-0888
Email: LFriedman@sfltd.com
       SGlink@sfltd.com
       SBish@sfltd.com
       GRobot@sfltd.com

*Attorneys for Plaintiffs*

Date: January 22, 2021

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Brendan T. Killeen
Nicole M. Zito
101 Park Avenue
New York, NY 10178
Phone: 212-309-6000
Email: brendan.killeen@morganlewis.com
       nicole.zito@morganlewis.com

Mark S. Dichter, *pro hac vice*
1701 Market Street
Philadelphia, PA 19103
Phone: 215-963-5000
Email: mark.dichter@morganlewis.com

*Attorneys for Defendants*

Date: January 22, 2021

**SO ORDERED:**

Date: Feb. 19, 2021

_____
Richard J. Sullivan
United States Circuit Judge

5