UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY FRAZIER, YARED ABRAHAM, and O. EMMANUEL ADEPOJU-GRACE,

Plaintiffs,

-v-

MORGAN STANLEY & CO., LLC, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,

Defendants.

No. 16-cv-804 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Now before the Court is the motion of Defendants Morgan Stanley & Co., LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley (collectively, "Morgan Stanley") to enforce the Court's June 30, 2021 discovery order. (Doc. No. 199.) The Court construes Defendants' motion as a motion to quash Plaintiffs' subpoenas to Fred Alvarez and Jones Day (Doc. Nos. 199-1, 199-2) (the "Alvarez and Jones Day subpoenas") and deems it to be fully submitted as of May 18, 2022. (*See* May 18, 2022 Minute Entry.) Also before the Court is Plaintiffs' motion to compel production of certain categories of emails sent and received by Plaintiffs and their managers at Morgan Stanley (Doc. No. 208), which the Court deems to be fully submitted as of the date of this Order.

Consistent with the Court's June 30, 2021 order limiting the scope of third-party discovery to "materials directly related to the individual Plaintiffs or *their local offices*" (Doc. No. 190 at 10 (emphasis added)), IT IS HEREBY ORDERED THAT Morgan Stanley's constructive motion to quash the Alvarez and Jones Day subpoenas (which impermissibly sought national-, regional- and

complex-level data) is GRANTED.  To the extent that Plaintiffs wish to re-issue the Alvarez and Jones Day subpoenas, IT IS FURTHER ORDERED THAT they shall revise those subpoenas to include the June 30, 2021 order's language limiting the scope of discovery from non-parties to include "only materials directly related to the individual Plaintiffs or their local offices concerning teaming, account distribution, affirmative action, and FA training and retention decisions made, or policies or guidance that applied, in those offices between June 1, 2009 and November 23, 2013." (*Id.* at 10–11.)  Likewise, consistent with the Court's already having "denied Plaintiffs' request for production of additional emails – through new term searches or Plaintiffs' entire email boxes – as overly burdensome and not proportional to the remaining issues in this case" (*id.* at 4), IT IS FURTHER ORDERED THAT Plaintiffs' instant motion to compel the "production of . . . emails . . . through targeted search terms" (Doc. No. 208 at 1) is DENIED.

SO ORDERED.

Dated:    June 14, 2022
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation